GARY M. RESTAINO
United States Attorney
District of Arizona

COLEEN SCHOCH
Georgia State Bar No. 366545
Email: Coleen.Schoch@usdoj.gov
BRIAN E. KASPRZYK
Pennsylvania State Bar No. 082701
Email: Brian.Kasprzyk@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Attorneys for the Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00278-PHX-DLR |
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTIONS IN LIMINIE** |
| Abdur-R-Ahin Shamsid-Deen, | |
| Defendant. | |

The United States of America opposes Defendant's Motions in Limine in part. The Court should not preclude the United States from introducing evidence at trial that specific firearms purchased by Defendant in the District of Arizona were subsequently recovered by law enforcement on certain dates and in specific locations. This evidence is relevant to both of the charges in the indictment: dealing firearms without a license and false statement in the purchase of a firearm. The probative value of this evidence in high and the mere fact of the recoveries, including the firearms involved and the dates and locations of the recoveries will not cause unfair prejudice, confusion, or delay.

The United States does not oppose the remainder of Defendant's motions to exclude the specific circumstances of the law enforcement recoveries, the criminal histories and gang membership of the persons from whom the firearms were recovered, and Defendant's possession of marijuana.

1    **I.    LEGAL STANDARD**

2        "A motion in limine is a procedural mechanism to limit in advance testimony or

3    evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.

4    2009) (citation omitted). "To exclude evidence on a motion in limine 'the evidence must

5    be inadmissible on all potential grounds.'" *Goodman v. Las Vegas Metro. Police Dep't*,

6    963 F. Supp. 2d 1036, 1046–47 (D. Nev. 2013) (citing *Ind. Ins. Co. v. Gen. Elec. Co.*,

7    326 F.Supp.2d 844, 846 (N.D. Ohio 2004). "'Unless evidence meets this high standard,

8    evidentiary rulings should be deferred until trial so that questions of foundation,

9    relevancy and potential prejudice may be resolved in proper context.'" *Id.* (quoting

10   *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993).

11   "[A]lthough rulings on motions in limine may save 'time, costs, effort and preparation, a

12   court is almost always better situated during the actual trial to assess the value and utility

13   of evidence.'" *Id.* (quoting *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1219 (D. Kan.

14   2007)); *see also Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013),

15   aff'd, 574 U.S. 418 (2015) (citing *Goodman*, 963 F. Supp. 2d at 1046–47)).

16       **A.    Federal Rule of Evidence 401**

17       Rule 401 of the Federal Rules of Evidence requires evidence to be relevant.

18   Evidence is relevant under this rule if "it has any tendency to make a fact more or less

19   probable than it would be without the evidence and… is of consequence in determining

20   the action." Fed. R. Evid. 401(a)-(b). "Relevancy simply requires that the evidence

21   logically advance a material aspect of the party's case." *United States v. Ruvalcaba-*

22   *Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019).

23       **B.    Federal Rule of Evidence 403**

24       Rule 403 states that even if evidence is relevant under Federal Rule of Evidence

25   401, it must be excluded if its "probative value is substantially outweighed by a danger

26   of… unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

27   time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Under the terms

28

1  of [Rule 403], the danger of prejudice must not merely outweigh the probative value of

2  the evidence, but substantially outweigh it." *United States v. Mende*, 43 F.3d 1298, 1302

3  (9th Cir. 1995).

4  **II.    ARGUMENT**

5          The Court should not preclude the United States from introducing evidence at trial

6  that specific firearms that Defendant purchased in the District of Arizona during the time

7  covered by the Indictment were recovered by law enforcement on certain dates and in

8  specific locations. This evidence is relevant to both counts of the Indictment, which

9  charges Defendant with Dealing Firearms Without a License in violation of 18 U.S.C.

10 § 922(a)(1)(A), and False Statement in the Purchase of a Firearm in violation of 18

11 U.S.C. § 924(a)(1)(A).

12         The recoveries are probative of the first element of Dealing Without a License:

13 whether defendant was willfully engaged in the business of dealing in firearms. The fact

14 of the recoveries and the timing and the location of the recoveries establish that

15 Defendant did not possess those firearms on those dates and that the firearms were

16 transported some distance (most of the recoveries were in the Los Angeles area) between

17 the time Defendant purchased them and the time they were recovered. The recoveries are

18 also probative of the second and third elements of the false statement charge: whether

19 defendant made a false statement on the ATF Form 4473, and whether he knew that

20 statement was false. The number of recoveries and the location of those recoveries are

21 probative of both, as they make it more likely that Defendant purchased the firearms for

22 another person. Evidence of the recoveries also tends to show that Defendant did not lose

23 or misplace the firearms. Finally, Defendant has admitted to dealing firearms and the

24 number of firearms recoveries, the location of those recoveries, and the time elapsed

25 between the purchase and recovery will be offered to corroborate his admissions.

26         In sum, the probative value of this evidence is high, and the basic facts of the

27 recoveries, including the firearms involved and the dates and locations of the recoveries

28

by law enforcement will not cause unfair prejudice, confusion, or delay. The United States should be permitted to introduce this evidence at trial.

**III.    CONCLUSION**

The United States asks the Court to deny in part Defendant's Motion in Limine Regarding Evidence of Firearms Recoveries, Other Criminal Investigations, and Gang Affiliation. The United States should be permitted to introduce evidence that law enforcement recovered certain firearms purchased by Defendant on specific dates and in specific locations.

The United States does not oppose Defendant's Motions in Limine regarding the specific circumstances of the law enforcement recoveries, the criminal histories and gang membership of the persons from whom the firearms were recovered, and Defendant's possession of marijuana.

Respectfully submitted this 26th day of January, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Coleen Schoch*
COLEEN SCHOCH
BRIAN E. KASPRZYK
Assistant United States Attorneys

4

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrant(s) under this file number.

Zachary Cain
Attorney for Defendant

 *s/ Jagoda Brown*
U.S. Attorney's Office

5