GARY M. RESTAINO
United States Attorney
District of Arizona

COLEEN SCHOCH
Assistant U.S. Attorney
Georgia Bar No. 366545
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: coleen.schoch@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Abdur-R-Ahin Shamsid-Deen,<br><br>Defendant. | No. CR 21-00278-PHX-DLR<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

The United States agrees with the Presentence Report calculations resulting in a Total Offense Level of 24, Criminal History Category I, and a Guidelines range of 51–60 months' imprisonment. It has no objections or corrections to the PSR. The United States respectfully recommends a below-Guidelines sentence of 41 months' imprisonment followed by a term of 3 years' supervised release. This motion is supported by the following Memorandum of Points and Authorities and all matters of record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTS AND PROCEDURAL HISTORY**

Defendant Shamsid-Deen has admitted that he purchased at least 55 firearms from federal firearms licenses with the intention of reselling them at a higher price. Defendant also admitted to selling these firearms for a profit without obtaining a license to do so. The PSR correctly holds him responsible for 55 firearms.

Defendant purchased these firearms by means of false statements on the ATF Form 4473s: he represented that he was buying the firearms for himself rather than to sell them. The firearms that Defendant purchased to resell included a variety of 9mm and .45 caliber handguns, including four Glock handguns, which are currently popular because they can be easily converted to a fully automatic handgun. Thirty of the firearms that Defendant purchased and resold were recovered in crimes in Phoenix and in Los Angeles, California, and its surrounding areas. Most of those were recovered from convicted felons and documented gang members in California. The location of 22 other firearms remains unknown. When interviewed by ATF, Defendant admitted that he associated with members of the Sex Cash Money criminal street gang, that he bought 13 firearms for a known gang member. Defendant also admitted that his purpose in buying and selling firearms was to earn extra money to pay off his debt.

In April 2021, a federal grand jury charged Defendant with one count of Dealing in Firearms Without a License under 18 U.S.C. §§ 922(a)(l)(A), 923(a) and 21 924(a)(l)(D), a Class D felony offense (Count 1), and one count of False Statement in the Purchase of a Firearm under 18 U.S.C. § 924(a)(1)(A) (Count 2). Defendant proceeded to his trial date on these charges twice. The morning of both of these trials, counsel represented that Defendant could not proceed because of illness. Two days prior to his third trial date in April 2022, Defendant pleaded guilty before a United States Magistrate Judge to Count 1 of the Indictment pursuant to a plea agreement. The Magistrate Judge issued Findings and a Recommendation that the Court adopt Defendant's guilty plea. This Court accepted the Defendant's guilty plea and deferred its decision on acceptance of the plea agreement to the time of sentencing.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant receive a sentence of 41 months' imprisonment followed by a term of 3 years' supervised release. As calculated in the PSR, Defendant has a Total Offense Level of 24, Criminal History Category I, and a Guidelines range of 51–60 months' imprisonment

**A.     A Sentence of 41 Months' is Appropriate under § 3553(a)**

The United States submits that 41 months' imprisonment is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.     Nature and Circumstances of the Offense

The nature and circumstances of the offense and Defendant's history and characteristics favor a sentence of 41 months'. Section 3553(a)(1) requires the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. The nature and circumstances of his offense call for a significant sentence. Defendant engaged in dealing a large number of firearms without a license. He trafficked of a multitude of handguns to the State of California and to persons that he knew to be gang members and felons. Defendant was 39 years old at the time of the crimes and has no prior criminal history.

The United States submits that Defendant's history and characteristics weigh in favor of a sentence of 41 months' imprisonment.

### 2.     Seriousness of the Offense

Second, pursuant to § 3553(a)(2)(A), the sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Defendant trafficked in at least 55 handguns. He purchased and sold them for purpose of making a profit. He also intentionally purchased and sold them to a person whom he knew to reside in California and to be a member of the Sex Cash Money street gang. Thirty of firearms that Defendant purchased have been recovered by law enforcement in Phoenix and in and around Los Angeles, California, mostly from convicted felons and documented gang members. The location of the other 22 firearms remains unknown. Defendant's sentence must reflect the seriousness of this conduct, including the negative impact that firearms trafficking has on society as a whole. A sentence of 41 months' imprisonment properly reflects the seriousness of Defendant's conduct, promotes respect for the law, and provides just punishment for the offense, without being greater than necessary.

### 3.    Adequate Deterrence

Third, pursuant to § 3553(a)(2)(B), the sentence must "afford adequate deterrence to criminal conduct." Defendant's sentence must be sufficient to deter Defendant and other would-be firearms traffickers. A sentence of 41 months' imprisonment is sufficient but not greater than necessary to do so.

### 4.    Protecting the Public

Fourth, § 3553(a)(2)(C) requires the Court to consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. Defendant's participation in firearms trafficking, possession of a significant amount of marijuana, and affiliation with members of the Sex Cash Money criminal street gang indicate he poses a significant risk of harm to the community. Nevertheless, Defendant has admitted his conduct and accepted responsibility for it. He is now 42 years old, and he has several dependents and many reasons to pursue a law-abiding lifestyle in the future. For these reasons, the United States believes that a below-guidelines sentence of 41 months' imprisonment is sufficient but not greater than necessary to protect the public from Defendant's future crimes.

### 5.    Providing Needed Correctional Treatment

Finally, pursuant to § 3553(a)(2)(D), the Court must consider the need for the sentence imposed to provide Defendant with necessary and effective educational or vocational training, medical care, or other correctional treatment. Defendant holds a high school degree and some community college credit. He has been employed as an auditor since 2006. While in custody, Defendant could obtain additional educational or vocational training. Education that would enable him to embark on a new and stable career when he is released would help to protect the public from his future crimes.

### B.    A 3-Year Term of Supervised Release is Appropriate under § 3583(c)

The United States recommends that Defendant be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense. *See* 8 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1)). It is also necessary to protect

the public from further crimes by Defendant and to deter his from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)).

## III.     CONCLUSION

The United States recommends that Defendant receive a sentence of 41 months' imprisonment followed by a term of 3 years' supervised release.

Respectfully submitted this 6th day of October, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Coleen Schoch*
COLEEN SCHOCH
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Todd Paul Romero, *Attorneys for defendant*

*s/ C. Schoch*
U.S. Attorney's Office